UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PARK LANE-RENO PARTNERS, LLC, | Case No. 3:20-cv-00596-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| SYUFY ENTERPRISES, | |
| Defendants. | |

**I.    SUMMARY**

The Court issued an order to show cause why this action should not be remanded for lack of subject matter jurisdiction on October 23, 2020. (ECF No. 7 ("OSC").) The Court has reviewed Defendant's response (ECF No. 8). Because Defendant concedes that diversity cannot be satisfied, and as further explained below, the Court will remand this action. Further, the Court will deny Plaintiff's emergency motion to remand (ECF No. 9) as moot.

**II.   BACKGROUND**

On October 22, 2020, Defendant (a limited partnership) filed a petition for removal based on diversity jurisdiction, contending that complete diversity exists because "Plaintiff is a Delaware limited liability company" and Defendant "is a citizen of the State of California." (ECF No. 1 at 2-3.) But neither the petition for removal nor the Complaint specified the citizenship of each member of Plaintiff's LLC or Defendant's LP. (*Id.*; *see also* ECF No. 1-1 at 2-3.) Thus, the Court noted that Defendant failed to demonstrate complete diversity and permitted Defendant to supplement its statement regarding removal with a document identifying the citizenship of each member of Plaintiff Park Lane-Reno Partners, LLC and Defendant Syufy Enterprises, LP. (ECF No. 7.)

In response to the OSC, Defendant alleged that Plaintiff "refused" to provide proof of domicile, and therefore seeks a continuance to conduct discovery to support its response or asks the Court to remand without prejudice. (ECF No. 8 at 1-2). In particular, Defendant's response includes what it "believes" to be the parties' citizenship, in hopes of further discovery to support its response. (*Id.* at 2-3.) Defendant asserts that Plaintiff Park Lane-Reno Partners, LLC's members are Park Lane Associates, LLC (a Nevada LLC) and Lyon Housing LXVII, LLC (a Delaware LLC). (ECF No. 8 at 2-3.) Park Lane Associates, LLC's sole member is Reno Land, Inc. (a Nevada corporation domiciled in Nevada). (*Id.* at 3). Lyon Housing LXVII, LLC's members are NCA-D Reno, LLC (a Delaware LLC) and FSWL VI, LLC (a Delaware LLC). (*Id.*) NCA-D Reno, LLC's only member is NCA Developments, LLC (a California LLC). (*Id.*) NCA Developments, LLC's only member is Newport Capital Advisors, LLC (a Delaware LLC) with its only manager domiciled in either Texas, California, or Utah. (*Id.*) FSWL VI, LLC members are two individuals, one likely domiciled in California. (*Id.*) Defendant further alleges that Syufy Enterprises, LP includes 172 limited partners that are all family trusts, with the two trustees domiciled in California. (*Id.*)

Then, on October 30, 2020, Petitioner filed an emergency motion to remand this case to state court. (ECF No. 9).

**III.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

///

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Complete diversity requires no plaintiff have the same citizenship as any defendant. *See id.* The removing party "bears the burden of proof" and must allege facts sufficient to establish complete diversity. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001). For purposes of determining citizenship, a corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Unlike a corporation but "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A trust "has the citizenship of its trustee or trustees." *Id.* at 899. Finally, a natural person's citizenship is "determined by her state of domicile . . . [or] her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857.

## IV.   DISCUSSION

Defendant concedes that it "cannot determine the citizenship and or domicile of Plaintiff's multiple members." (ECF No. 8 at 3.) But as mentioned, in removal actions, the removing party "bears the burden of proof" and must allege facts sufficient to establish complete diversity. *Kanter*, 265 F.3d at 857-58. For the purposes of establishing citizenship, "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. And a trust "has the citizenship of its trustee or trustees." *Id.* at 899. Thus, as the removing party, Defendant has failed to meet its burden of proof by conceding that it cannot determine the citizenship of individual members necessary to show complete diversity.

Even after Defendant concedes that it cannot establish the diversity of citizenship requirement, it provides information in its response to the OSC as to what it "believes the parties' citizenship or domicile" to be. (ECF No. 8 at 1-2.) But even if the Court were to

accept Defendant's guesses regarding citizenship, those guesses are insufficient to establish complete diversity. As discussed above, Plaintiff Park Lane-Reno Partners, LLC, has two members, both of whom are LLC's with additional members that must be traced to determine citizenship. When tracing members, Defendant states it appears that Plaintiff has managers/members likely domiciled in California.[1] (*Id.*) Defendant also alleges that it, Syufy Enterprises, LP, is a California limited partnership made up of 172 limited partners that are all family trusts with the trustees domiciled in California. (*Id.*) Thus, the parties are not completely diverse—because parties on both sides are domiciled in California. Defendant's argument is therefore thoroughly unpersuasive.

Given Defendant's concession and failure to demonstrate complete diversity, the Court lacks jurisdiction over this case. Without jurisdiction, this Court cannot order discovery as Defendant requests. In sum, Defendant failed to satisfactorily respond to the OSC, instead conceding it failed to meet its burden to establish complete diversity between the parties. (ECF No. 8.) Accordingly, the Court will remand this action for lack of subject matter jurisdiction. The Court will also deny Plaintiff's pending emergency motion to remand as moot.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that this action is remanded because the Court lacks subject matter jurisdiction.

///

///

---

[1]Newport Capital Advisors, LLC's only manager is domiciled in either Texas, California, or Utah. (ECF No. 8 at 3.) And FSWL VI, LLC's members are two individuals, one likely domiciled in California. (*Id.*)

It is further ordered that Plaintiff's emergency motion to remand (ECF No. 9) is denied as moot.

The Clerk of Court is instructed to close this case.

DATED THIS 3rd Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE